UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00240 (VLB) |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, | : | |
|     Defendant. | : | January 9, 2008 |

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #22]

The plaintiff, Kenneth Smith, filed this action against the defendant, the State of Connecticut, Department of Correction (department), following the termination of his employment as a lieutenant. Smith claims that the department violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by subjecting him to disparate treatment on account of his race.[1] The department has filed a motion for summary judgment. For the reasons given below, the department's motion [Doc. #22] is GRANTED.

The following facts are relevant to the department's motion for summary judgment. On November 20, 2004, Smith was acting as shift supervisor at the Hartford Correctional Center when another lieutenant, Rhonda Arnold, confronted him and initiated an argument. Arnold grabbed certain papers away from Smith,

---

[1] Smith also claims that the department violated 42 U.S.C. § 1983, but that statute applies only to persons, not state agencies. Smith's § 1983 claim is accordingly dismissed.

sat on them, and refused to return them. A third lieutenant, Kyle Godding, observed the incident and told Smith to leave the room so that Godding could try to retrieve the papers from Arnold. Smith did not leave, and Arnold then struck him with her hand. Smith and Arnold proceeded to engage in a physical altercation, and Smith ultimately pinned Arnold against a window, grasping her shoulder with one hand and her neck with the other hand. Godding pulled Smith away from Arnold and stepped between them, but Arnold then picked up several objects from a desk and hurled them at Smith. Finally, Smith left the room. The entire incident lasted approximately five minutes. Arnold experienced redness on and discomfort in her neck after the altercation.

Smith and Arnold were subsequently placed on administrative leave and then terminated. Smith filed a grievance, arguing that he should not have been terminated because he had acted in self-defense. An arbitrator rejected the grievance, determining that Smith had been terminated for just cause, namely, a violation of administrative directives 2.17 and 2.22, which prohibit the department's employees from engaging in abusive and violent conduct in the workplace. Smith then filed this action, claiming that the department terminated him because of his race. In Smith's view, he received a harsher form of discipline for his role in the altercation because of his race. Smith and Arnold are both African-American.

The department moves for summary judgment on the ground that Smith has not discovered any evidence tending to show that the department disciplined

him more severely because he is African-American. Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a 'legitimate, nondiscriminatory reason' for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006).

The department argues that Smith has failed to establish a prima facie case of discrimination because he has not discovered any evidence that the department disciplines its employees according to their race. "Courts analyze claims of disparate treatment under the familiar burden-shifting framework of McDonnell Douglas . . . . The plaintiff must first establish a prima facie case by demonstrating that: (1) [he] is a member of a protected class; (2) [his] job performance was satisfactory; (3) [he] suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). Only the fourth requirement is at issue in this case.

In order to establish that his termination occurred under conditions giving rise to an inference of discrimination, Smith relies exclusively on seven incidents in which employees of the department who engaged in abusive or physical violence in the workplace were not terminated. Smith has chosen those employees from logs of approximately 5,000 disciplinary actions taken by the department from roughly 1992 through 2005. Two of the seven employees were African-American and the other five were white. In response, the department has identified three white employees who were terminated after engaging in physical altercations in the workplace. Therefore, it appears that the department has not terminated some African-American employees who were involved in violent workplace incidents, while the department has terminated some white employees who were involved in violent workplace incidents. Examining the ten employees

identified by the parties more closely, eight were non-supervisory employees. Only two of the ten held the same rank as Smith, that of lieutenant, and were therefore similarly situated to Smith. Those two lieutenants, one of whom was African-American and the other of whom was white, engaged in an incident that the arbitrator described as "verbal sniping" and "chest-bumping or arm/shoulder brushing." The two lieutenants each received a one-week suspension, and the white lieutenant was also demoted. The department points out that the incident occurred in 2000, before the enforcement of administrative directives 2.17 and 2.22 regarding a no-tolerance policy against workplace violence. Smith has not challenged the arbitrator's characterization of the "chest-bumping" incident.

The Court determines that "chest-bumping or arm/shoulder brushing" is not similar to Smith's conduct, which involved pinning Arnold against a window and grasping her shoulder with one hand and her neck with the other hand, causing redness and discomfort. Therefore, none of the ten incidents offered by the parties as comparable cases is actually comparable to Smith's incident. None of the ten incidents gives rise to an inference that the department disciplined Smith more harshly because of his race. Instead, the cases of the ten employees suggest an inference that the department disciplined employees on the basis of the severity of the employees' misconduct. Smith has not offered any evidence that suggests he was terminated because of his race and, therefore, has failed to establish a prima facie case of discrimination. Accordingly, summary judgment in the department's favor is appropriate.

The department's motion for summary judgment [Doc. #22] is GRANTED.

The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  January 9, 2008.